UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO BARRETT,<br>Plaintiff,<br>v.<br>SPLASH BAR, LLC,<br>Defendant. | No. 2:26–cv–02938–DAD-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF No. 2.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

Plaintiff states he has income of $2,600 from employment. ECF No. 2 at 1. However, Plaintiff does not indicate whether this income is monthly, weekly, or biweekly. Under expenses,

Plaintiff lists housing, insurance, utilities, and loan payments, but does not state any amount for any of those expenses. Plaintiff also did not answer questions 7 and 8 on the AO 240 form. As Plaintiff has not disclosed a total for monthly expenses, and has not answered how frequently he receives the $2,600, the Court cannot determine if monthly expenses exceed income. *See C.C.R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0640-DAD-SAB, 2021 WL 2534461, *1 (E.D. Cal. June 21, 2021) ("Where the applicant's income exceeds expenses by a notable amount, it may be appropriate to deny in forma pauperis status"); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

Plaintiff's motion will therefore be denied because it is incomplete. However, Plaintiff may, if he chooses, file a renewed motion to proceed IFP. If he does so, Plaintiff shall take care to fully complete the form, including listing a total monthly income, total monthly expenses, and answering all questions on the AO 240 form.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED without prejudice.
2. Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein within 21 days of the date of this Order.
3. Alternatively, Plaintiff may pay the filing fee.
4. If Plaintiff does not supplement the application or pay the filing fee within 21 days, the Court may recommend that this action be dismissed.

IT IS SO ORDERED.

DATED: September 10, 2026



SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE